IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **NO. CR 06-1077 RB** |
| | ) | |
| | ) | |
| ELOY GONZALEZ, | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

MEMORANDUM OPINION AND ORDER

**THIS MATTER** came before the Court on Defendant's ("Mr. Gonzalez's") Motion to Withdraw Guilty Plea (Doc. 62), filed on June 25, 2007. Having considered the arguments of counsel, transcripts, relevant law, and being otherwise fully informed, I find that this motion should be denied.

I.    **Background.**

On February 3, 2006, Mr. Gonzalez was arrested and charged by Criminal Complaint with possession with intent to distribute 100 kilograms and more of marijuana in violation of 21 U.S.C. § 841(a)(1) and conspiracy to possess with intent to distribute 100 kilograms and more of marijuana in violation of 21 U.S.C. § 846. The Federal Public Defender was appointed to represent Mr. Gonzalez at his initial appearance. On April 19, 2006, the Federal Public Defender withdrew, and Michael J. Dugan entered his appearance on behalf of Mr. Gonzalez. Mr. Dugan has continuously represented Mr. Gonzalez since that date.

On May 17, 2006, a federal grand jury returned a two-count indictment against Mr. Gonzalez charging him, in Count 1, with conspiracy to possess with intent to distribute 100 kilograms and

more of marijuana in violation of 21 U.S.C. § 846, and, in Count 2, with possession with intent to distribute 100 kilograms and more of marijuana in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B).

On June 28, 2006, Mr. Gonzalez filed a motion to suppress physical evidence.  After an evidentiary hearing, the motion to suppress was denied on August 28, 2006.  On September 19, 2006, pursuant to a conditional plea agreement, Mr. Gonzalez pleaded guilty to Count 1 of the Indictment. (Docs. 54 and 55.)  The Government dismissed Count 2.

Before accepting the plea, I examined Mr. Gonzalez about the factual basis for the plea.  Mr. Gonzalez admitted (1) he rented the SUV; (2) some acquaintances, the co-defendants herein, had indicated a  need for an SUV-type vehicle to pick up a load of marijuana near the international border; (3) Mr. Gonzalez agreed to allow the co-defendants to use the SUV for that purpose; (4) the co-defendants asked Mr. Gonzalez to accompany them to the international border, in a different vehicle, to pick up the load of marijuana; and (5) Mr. Gonzalez agreed to follow the co-defendants in a different vehicle.

After an explanation of his rights, Mr. Gonzalez pleaded guilty at the September 19, 1996 plea hearing.  I found and concluded at that time that the plea was knowing, voluntary, intelligent, and competent.  All who were present indicated their belief that the factual basis for the plea was sufficient.

At the sentencing hearing of May 18, 2007, during allocution, Mr. Gonzalez indicated that he intended to withdraw from the conspiracy.  The sentencing hearing was continued in order to allow Mr. Gonzalez an opportunity to file a motion to withdraw the plea.

On June 25, 2007, Mr. Gonzalez filed his motion to withdraw guilty plea.  The Government field a response in opposition to the motion.  The Government states that the con-defendants have served their sentences and been deported.  On August 24, 2007, I held a hearing on the motion and

determined that the motion should be denied.

## II.     Discussion.

Federal Rule of Criminal Procedure 11(d) governs the withdrawal of guilty pleas and

provides:

> A defendant may withdraw a plea of guilty or nolo contendere:
> (1) before the court accepts the plea, for any reason or no reason; or
> (2) after the court accepts the plea, but before it imposes sentence if:
> (A) the court rejects the plea agreement under Rule 11(c)(5); or
> (B) the defendant can show a fair and just reason for requesting the withdrawal.

Fed. R. Crim. P. 11(d)

Because I already accepted the guilty plea, this motion falls under Rule 11(d)(2)(B).  *See*

*United States v. Graham*, 466 F.3d 1234, 1237 (10th Cir. 2007).

A motion to withdraw a plea "should be viewed with favor and a defendant should be given

a great deal of latitude.  *United States v. Siedlik*, 231 F.3d 744, 748 (10th Cir. 2000) (internal

quotations omitted).  "This does not mean, however, that such motions are automatically granted."

*Id.*  As the Tenth Circuit has stated:

> Even though the general rule is that motions to withdraw guilty pleas before
> sentencing are to be freely allowed and treated with liberality, still the decision
> thereon is within the sound discretion of the trial court. Thus, unless it is shown that
> the trial court acted unjustly or unfairly, there is no abuse of discretion. It is within
> the sound discretion of the trial court to determine what circumstances justify
> granting such a motion.

*Siedlik*, 231 F.3d at 748 (quoting *United States v. Hickok*, 907 F.2d 983, 986 (10th Cir. 1990)).

The Tenth Circuit determines whether a defendant can show "a fair and just reason" within

the meaning of Rule 11(d)(2)(B) by reference to the following seven factors:

> (1) whether the defendant has asserted his innocence; (2) whether withdrawal would
> prejudice the government; (3) whether the defendant delayed in filing his motion,
> and if so, the reason for the delay; (4) whether withdrawal would substantially
> inconvenience the court; (5) whether close assistance of counsel was available to the

defendant; (6) whether the plea was knowing and voluntary; and (7) whether the withdrawal would waste judicial resources.

*United States v. Yazzie*, 407 F.3d 1139, 1142 (10th Cir. 2005) (en banc) (quoting *United States v. Sandoval*, 390 F.3d 1294, 1298 (10th Cir. 2004)).

The first factor is whether the defendant has asserted his innocence.  Mr. Gonzalez does not deny he engaged in the conspiracy; he now seeks to assert the affirmative defense of withdrawal. In order to find that a defendant withdrew from a conspiracy, a jury must be convinced by a preponderance of the evidence that Mr. Gonzalez took an affirmative step to either defeat the purpose of the conspiracy or to tell his coconspirators that he was no longer participating in the conspiracy. *Tenth Circuit Pattern Criminal Jury Instructions*, 2.22 (2005).

It is noteworthy that at no time, not at the plea hearing, not at the sentencing hearing, not in the motion to withdraw plea, nor at the hearing of August 24, 2007, has Mr. Gonzalez alleged either of the factual scenarios necessary to allow a jury to find withdrawal. With regard to his assertion of this defense, Mr. Gonzalez has never alleged that he took an affirmative step to either defeat the purpose of the conspiracy or to tell his coconspirators that he was no longer participating in the conspiracy.  As such, Mr. Gonzalez has asserted no facts that would show his innocence.  This factor weighs strongly against allowing withdrawal of the plea.

The second factor is whether withdrawal would prejudice the government.  The co-defendants, having served their sentences and been deported, are unavailable.  I find significant, critical prejudice to the Government in terms of the Government's ability to make a prima facie case on a conspiracy charge, absent some circumstance of Mr. Gonzalez being willing to testify thereto, and in the Government's ability to rebut the affirmative defense of withdrawal as a result of deportation of the co-defendants.  The second factor weighs strongly against withdrawal.

The third factor is whether defendant delayed in filing his motion to withdraw, and if so, the reason for the delay.  Eight months passed before Mr. Gonzalez first indicated a desire to withdraw his plea. This factor militates against Mr. Gonzalez.

The fourth factor is whether withdrawal would substantially inconvenience the court.  Mr. Gonzalez raised the issue during the allocution phase of the sentencing hearing.  If Mr. Gonzalez were allowed to withdraw his plea a trial would be required, which is not a great inconvenience to the Court.  However, this case has already received more attention than most; the Court has already held a suppression hearing, a plea hearing, and most of a sentencing hearing.  This factor slightly weighs against allowing withdrawal.

The fifth factor is whether effective assistance of counsel was available to the defendant. Mr. Gonzalez benefitted from the close and informed assistance of counsel before deciding to plead guilty.  Mr. Dugan is able, skilled, and respected in the legal community.  Mr. Dugan was and is effective.  Indeed, Mr. Dugan convinced the Government to drop Count 2.  A California native, Mr. Gonzalez is fluent in English.  Mr. Gonzalez has offered no allegations that Mr. Dugan was unavailable to consult with him prior to the plea hearing, or at any other time.  At the plea hearing, Mr. Dugan and Mr. Gonzalez communicated effectively.  This factor also weighs against allowing withdrawal.

The sixth factor is whether the plea was knowing and voluntary.  I certainly found it to be so.  In a less-than-ordinary proceeding and a less-than-ordinary plea colloquy, there was some back and forth. But given that back and forth, Mr. Gonzalez had an ample opportunity to express this notion of withdrawal from the conspiracy, and he did not. What's more, Mr. Gonzalez must necessarily admit his involvement in the conspiracy before he can claim withdrawal therefrom.  A sufficient factual basis was developed at the plea hearing and the plea was knowing and voluntary.

5

The final factor is whether the withdrawal would waste judicial resources. This factor triggers similar concerns as those raised under the fourth factor, "inconvenience to the court" factor, and weighs against allowing withdrawal for the same reasons.

Mr. Gonzalez argues there was an insufficient factual basis to accept the plea. I respectfully disagree. Mr. Gonzalez was charged with conspiracy. Mr. Gonzalez, on the facts that he admitted, established a conspiracy. There was a sufficient factual basis to support the conspiracy charge. Mr. Gonzalez has offered no factual basis that would support a finding that he withdrew from the conspiracy. The motion to withdraw guilty plea is denied.

**WHEREFORE,**

**IT IS ORDERED** that Defendant's Motion to Withdraw Guilty Plea (Doc. 62), filed on June 25, 2007, is **DENIED**.

_____

**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**